# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:18CV-P178-TBR

DION L. LUTHER                                                                                             PLAINTIFF

v.

KENTUCKY DEPT. OF CORRECTIONS *et al*.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Dion Luther filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues the following Defendants: the Kentucky Department of Corrections (KDOC); James Erwin, identified as a KDOC commissioner; Christopher Kleymeyer, the KDOC Director of Operations; Skyla Grief, the KSP Deputy Warden; and Dan Smith, the KSP Program Director. He sues each of the individually named Defendants in their individual and official capacities.

Plaintiff asserts that on February 27, 2018, he filed a grievance stating that he had been denied the "Ital diet" which he describes as his "required religious diet as a Bobo Ashanti [Ras Tafari] practitioner." (Brackets by Plaintiff.) In a grievance attached to the complaint, which is dated February 27, 2018, he states, "During lockdown which begun on or about 2/21/18 due to security measures. During these . . . days I was deprived of adequate nutrition in accordance with the American Correctional Association (ACA)." In the grievance, Plaintiff also states that

he "was not given the opportunity to 'self-select' or choose from the included 'no-flesh' option which caused consequently mal-nutrition, starvation, weak knees, light head, etc."

According to the complaint, "The Plaintiff requested he be permitted to choose from a alternative menu, which includes the no flesh option. However the Defendants as of now have continuously thwarted the Plaintiff from eating in accordance with his religious beliefs." He states that because he has not been given "an adequate nourished Ital diet, the Plaintiff has become malnourished according to the American Correctional Association (ACA) standard." Plaintiff reports that KDOC offers alternative portions but a large number of the alternatives are made with animal products and other foods which do not comply with Plaintiff's religious diet. He states, "Therefore, during about two-third of daily meals the Plaintiff has to skip the main portion, or side portion in order to maintain his Ital diet[,]" which has caused him to be malnourished. Plaintiff states that "in addition to the lockdown of February 21, 2018, the Plaintiff has been blatantly starved on numerous lockdowns and occasions."

Plaintiff states that Defendant Grief "was in charge of the operations of the kitchen during the time of the Plaintiff's grievance . . . , was made aware of the Plaintiff situation through both grievances and dialogues." He continues, "On one occasion Defendant Skyla Grief stated, 'There is no formal required menu plan for Rastafarism'! 'The alternative meal best satisfies your preferences[.]'" Plaintiff also states that he "alerted the Program Director, Defendant Dan Smith, who at the time was acting as Chaplain, of his malnutritious state, however he refered the Plaintiff to [a] Grievance . . . . Defendant Dan Smith also failed to rectify the situation once the Plaintiff pleaded with him."

Plaintiff asserts that Defendants Grief and Smith violated Plaintiff's rights under the First, Fourteenth, and Eighth Amendments, and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Plaintiff next maintains that on March 5, 2018, he filed a grievance in regards to his ability "to purchase and use the Ethiopia Africa Black International Congress, also known as the Bobo Ashanti, Creational Banners." He reports that "he requested the banners be implemented in Ras Tafari worship services. However, the Defendants have failed to implement the Banners as ceremonial items." Citing a Commissioner Review of Plaintiff's grievance attached to the complaint, Plaintiff states, "When Commissioner James Erwin was made aware of the situation he remarked, 'At the next annual review of the Departments Religious Practices Manual, we will review the possibility of adding the Ras Tafari Bobo Shanti flag to the IRC mandatory congregate religious items list.'" Plaintiff states that he has still not been permitted to purchase the banners. Plaintiff asserts that Defendant Kleymeyer was informed about the situation by the KSP chaplain and "failed to rectify the problem though he is the Director of Operations (including religious operations)."

Plaintiff states that Defendants KDOC, Erwin, and Kleymeyer violated the First and Fourteenth Amendments and RLUIPA "because they have failed to create religious guidelines which satisfy the Plaintiff's and Bobo Ashanti religious requirements, e.g., the use of the creational banners."

Plaintiff further maintains that on September 29, 2017, he filed a grievance concerning "his ability to wear an Bobo Ashanti magunasafaya (robe) in his cell and at religious services." He states that he requested to be allowed to wear the robe "to conform to his religious statues, laws, and tenets as a Bobo Ashanti Ras Tafari." He asserts that Defendant Smith responded to

3

his grievance by stating that the KDOC Religious Manual does not specify robes as an allowable religious item. Plaintiff states that Defendant Smith "was also the acting Chaplain during this time. And when the Plaintiff spoke to him about the item it was to no avail." Plaintiff also reports that Defendant Kleymeyer "after being made aware of the Plaintiff's arguments at the annual review of the KY DOC Religious Manual refused to rectify the situation."

Plaintiff states that Defendants KDOC, Kleymeyer, and Smith violated the First Amendment and RLUIPA "because they have failed to permit the Plaintiff to wear his robe(s) during religious services in both his cell and the Inmate Religious Center, which substantially burdens the Plaintiff from fulfilling the Bobo laws and commandments."

As relief, Plaintiff seeks compensatory damages and injunctive relief in the form of "permitting and Ital diet (adequate in nutrients) and "allow the purchasing of robe and creational banners."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekaran v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. KDOC

To state a 42 U.S.C. § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to

override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Therefore, Plaintiff's claims against the KDOC will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Official-capacity claims

Plaintiff sues Defendants Erwin, Kleymeyer, Grief, and Smith in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). These Defendants are state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants Erwin, Kleymeyer, Grief, and Smith for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### C. Individual-capacity claims

### 1. Eighth Amendment

The Eighth Amendment prohibits, among other things, "deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The law is clear that state officials are required to provide prisoners "adequate food." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). More specifically, the Eighth Amendment requires that inmates be provided well-balanced, nutritious meals sufficient to preserve health. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). In general, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). "If the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). Moreover, an Eighth Amendment claim for monetary relief is precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). "[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Id.*

Plaintiff asserts that he was denied adequate nourishment, suffered from "starvation," and became "malnourished." However, the Court finds that these are conclusory allegations "devoid of 'further factual enhancement[,]'" which the Court is not required to accept. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiff fails to allege specific facts to support these conclusions. For example, he fails "to indicate that, due to the reduced number of calories provided in his diet, he has lost weight or suffered any other adverse physical effects which impacted his well-being." *Montague v. Schofield*, No. 2:14-cv-292, 2015 U.S. Dist. LEXIS

7

53208, at *33-34 (E.D. Tenn. Apr. 22, 2015). "Absent contentions such as these, there is nothing factual from which the Court can reasonably infer that the food plaintiff is being served falls below the constitutional nutritional floor . . . [and therefore] fail to state a § 1983 claim." *Id.*; *see also Turner v. Welkal*, No. 3:12-cv-0915, 2014 U.S. Dist. LEXIS 12659, at *27-28 (M.D. Tenn. Jan. 31, 2014) ("The court concludes that the plaintiff's factual allegations concerning missed meals and being served food that did not comport with his religious convictions, construed as true, fail to establish a violation of the plaintiff's Eighth Amendment rights.").

Likewise, his assertions in his affidavit that he suffered from "weak knees" and a "light head" do not allege injury that is more than *de minimis*. *See Spellman v. Gonzales*, No. 1:11-cv-00779-BAM PC, 2012 U.S. Dist. LEXIS 53934, at *8 (E.D. Cal. Apr. 17, 2012) (finding that although inmate "alleges that he suffered from shaking, sweating, dizziness, and physical pain, the injuries Plaintiff complained of are de minimis, and do not constitute 'the wanton and unnecessary infliction of pain'") (quoting *Rhodes v. Chapman*, 452 U.S. at 347 (1981)).

Therefore, the Court finds that Plaintiff's allegations are not sufficient to establish that the food was nutritionally inadequate so as to rise to a violation of the Cruel and Unusual Punishments Clause. Accordingly, the Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Fourteenth Amendment

The Court will also dismiss Plaintiff's Fourteenth Amendment claim. Plaintiff's claims are rooted in the First Amendment's Free Exercise Clause, not the Fourteenth Amendment. The Supreme Court has indicated that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under that provision's standard. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989).

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Therefore, Plaintiff's Fourteenth Amendment claim fails because it is duplicative of Plaintiff's First Amendment claim. *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (holding that "[a]ny claim for a violation of Brandenburg's substantive due process right to free speech is duplicative of her First Amendment retaliation claim.").

Furthermore, to the extent that Plaintiff is attempting to bring a due process claim against any Defendant based on the handing of his grievances, the claim also fails. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Therefore, Plaintiff's Fourteenth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted. Because Plaintiff's only allegations against Defendant Erwin concerning the handling of Plaintiff's grievance, the claim against him will be dismissed for failure to state a claim.

### 3. First Amendment and RLUIPA

The Court will allow Plaintiff's claims that he was denied his religious diet, banner, and robes in violation of the First Amendment's Free Exercise Clause and RLUIPA to proceed against Defendants Kleymeyer, Grief, and Smith in their individual capacities for all relief and in their official capacities for injunctive relief only. In so doing, the Court passes no judgment on the claims' merit or ultimate outcome.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against the KDOC and all official-capacity claims for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Eighth and Fourteenth Amendments and his claim against Defendant Erwin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendant Erwin** as a Defendant to this action because all claims against him have been dismissed.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: March 22, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010