UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00178-TBR

DION L. LUTHER                                                                                          PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS, et al.,                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon *pro se* Plaintiff Dion Luther's ("Luther") Motion for Partial Summary Judgment. [DN 32]. Defendants have responded. [DN 38]. Luther has not replied and the time to do so has passed. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Luther's Motion for Partial Summary Judgment [DN 32] is **DENIED**.

**I. Background**

Luther is an inmate at Luther Luckett Correctional Complex. This claim, however, arises from matters when Luther was an inmate at Kentucky State Penitentiary ("KSP"). After review by the Court, Luther's remaining claims are: (1) First Amendment and RLUIPA violation against Grief and Smith for the denial of an Ital diet; (2) First Amendment and RLUIPA violation against Kleymeyer for the denial of creational banners; and (3) First Amendment and RLUIPA violation against Kleymeyer and Smith for the denial of Bobo Ashanti robes. [DN 6 at 10.]

In a previous motion for summary judgment, this Court dismissed all claims against defendants Grief and Smith. [DN 18]. Luther now moves for summary judgment on his First Amendment and RLUIPA claims regarding the denial of Bobo Ashanti robes.

**II. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id*. (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

Luther argues he is entitled to summary judgment because the "Defendants have not denied or presented any evidence which would challenge the Plaintiff's claim. They do not argue that the wearing of a robe is not a legitimate religious practice of the Bobo Ashanti." [DN 32 at 5]. However, it is Luther who has the burden to prove there is no genuine issue of material fact. Luther

has not pointed to any law that would entitle him to summary judgment. Further, discovery has not been completed. Discovery is to be completed by November 1, 2020. [DN 29]. Luther only recently responded to discovery requests by Defendants. [DN 41]. As such, summary judgment on this matter prior to discovery taking place would be premature and this motion must be denied.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Luther's Motion for Partial Summary Judgment [DN 32] is **DENIED**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 20, 2020

cc: Dion Luther
    275398
    Luther Luckett Correctional Complex
    1612 Dawkins Road
    LaGrange, KY 40031
    PRO SE