## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:18-CV-00178-TBR

DION L. LUTHER                                                                               PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS, et al.,                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Chris Kleymeyer's and Janet Conover's, (collectively "Defendants"), Motion for Summary Judgment. [DN 49]. Plaintiff Dion Luther has responded. [DN 52]. Defendants did not reply and the time to do so has passed. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [DN 49] is **GRANTED IN PART AND DENIED IN PART**.

### I. Background

Luther is an inmate at Eastern Kentucky Correctional Complex ("EKCC"). However, this claim arises from matters occurring when Luther was an inmate at Kentucky State Penitentiary ("KSP"). Luther filed his Complaint against the Kentucky Department of Corrections ("KDOC"), James Erwin, Chris Kleymeyer, Skyla Grief, and Dan Smith. [DN 1 at 2-3]. At the time the suit was filed, Kleymeyer was no longer employed as the Director of Operations at KDOC. Defendant Conover was served for the official-capacity claims against Kleymeyer.

After initial review, the Court dismissed Luther's claim against the KDOC and Defendant Erwin. [DN 6 at 10]. Defendants Grief and Smith filed a Motion for Summary Judgment. [DN 11].

The Court granted that motion. [DN 18]. Defendants have brought the present Motion for Summary Judgment. [DN 49].

Luther claims he was prevented from buying Bobo Ashanti Creational Banners for Rastafari worship services. [DN 1-1 at PageID 11]. Luther states Kleymeyer was made aware that these banners were not available for purchase, but "failed to rectify the problem though he is the Director of Operations". [*Id.* at 13]. Luther has raised a First Amendment Free Exercise and RLUIPA claim for failure to provide creational banners.

Luther also claims he was prevented from wearing a Bobo Ashanti robe. [*Id.* at 14]. Luther states Kleymeyer was made aware of this situation at the annual review of the KDOC Religious Manual, but "refused to rectify the situation." [*Id.* at 16]. Luther asserts First Amendment Free Exercise, and RLUIPA claims against Kleymeyer.

## II. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

2

242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

#### A. Exhaustion of Remedies

The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

The Sixth Circuit has held that "a plaintiff generally fails to exhaust administrative remedies by failing to include an official's name in a grievance if it is required by the applicable grievance procedures." *Hall v. Warren*, 443 F. App'x 99, 106 (6th Cir. 2011) (citing *Sullivan v.*

3

*Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009)). Exception has been made when the prison overlooks this mistake and decides the grievance on the merits. *See Reed-Bey v. Pramstaller,* 603 F.3d 322, 325 (6th Cir. 2010) ("When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we.") Kentucky Corrections Policies and Procedures ("CPP") 14.6(II)(J)(1)(a)(5) states that "[t]he grievant shall include all aspects of the issue and identify all individuals in the 'Brief Statement of the Problem.'"

### 1. Banners

On March 5, 2018, Luther filed grievance number 18-03-26-G. [DN 1-2 at PageId 26]. The grievance stated, "Respondent: Kentucky Dep. of Corr. The Bobo Shanti Order of Rastafari have been hindered from purchasing our religious 'God Banner'". [*Id.*] This grievance did not list a single individual. Defendants argue they are entitled to summary judgment because the grievance did not comply with CPP 14.6(II)(J)(1)(a)(5) which requires an inmate to identify all individuals involved in the incident.

At the informal resolution stage, Officer Smith stated, "[p]er Ky Doc Rastafarianism Congregate Religious Items Only Allows the Flag of Ethiopia. Changes to the Ky Doc Religious Manual cannot be made at this level." [*Id.*] The response makes no mention of Luther's failure to identify a single individual in the grievance. Luther went on to appeal this grievance to the Grievance Committee, the Warden, and the Commissioner of the Department of Corrections. [DN 1-2 at 27-33]. At every level, Luther's grievance was decided on the merits.

This case is identical to *Reed-Bey*. In *Reed-Bey*, an inmate filed a grievance that failed to specifically identify anyone. Despite this error, the prison addressed the grievance on its merits. Reed-Bey filed suit and the defendants argued he had failed to properly exhaust his remedies

because he had not named defendants in the grievance. The Sixth Circuit reversed the district court and held the prison waived its own rule requiring the inmate name all parties involved by addressing the grievance on its merits. Thus, the Sixth Circuit found that Reed-Bey had exhausted his administrative remedies.

Here, the prison addressed the merits of Luther's grievance at all levels. Therefore, Defendants cannot now claim Luther failed to exhaust due to a defect in the grievance. Thus, the Court finds Luther has exhausted his administrative remedies on this claim.

### 2. Robe

Luther filed a grievance on October 3, 2017 regarding the availability of religious robes. [*Id.* at 38]. The grievance stated, "Respondent Chris Kleymeyer, Director of Operations. I am being thwarted my First Amendment; Free exercise; establishment clauses by not being permitted to purchase a Bobo Shanti Rastafari robe for religious services, and to wear in my cell." [*Id.*] Defendants argue the grievance did not specify any individual who denied Luther a robe. As was the case with the above discussed grievance, the prison addressed Luther's grievance on the merits at each stage of review. [*Id.* at 38-44]. At no point was Luther's grievance rejected for failure to name an individual. Therefore, Defendants are not entitled to summary judgment due to failure to exhaust.

### B. § 1983 Liability

### 1. Robe

Defendants first argue the grievance did not put "Kleymeyer on notice of his alleged participation in the denial of the robes, nor did it give him the opportunity to address the issue prior to litigation". [DN 49-1 at 6]. "Exhaustion…principles…give state officials a realistic opportunity to correct their own mistakes before federal courts intervene." *Reed-Bey,* 603 F. 3d at 325.

5

However, this Court has already found Defendants' argument that Luther failed to exhaust his remedies was waived as the prison determined Luther's grievance on the merits.

Defendants next argue they may not be held liable for a failure to act based on information provided in a grievance. Defendants cite to *Lee v. Mich. Parole Bd.* and *Nwaebo v. Hawk-Sawyer* to support their position.

In *Lee*, a *pro se* prisoner filed a civil rights complaint under 42 U.S.C. § 1983. 104 F. App'x 490, 492 (6th Cir. 2004). The district court dismissed the complaint for failure to state a claim. *Id.* Lee appealed to the Sixth Circuit and the Court affirmed the district court on several grounds. The Court stated, "Lee's claims against the individual defendants lack merit because he failed to allege that the individual defendants were personally involved in or responsible for the alleged violation of his constitutional rights." *Id.* at 493. The Court further stated, "Lee may not base his claim against the individual defendants upon their denial of his administrative grievances." *Id.*

In *Nwaebo,* a *pro se* prisoner filed suit against several prison officials. 83 F. App'x. 85 (6th Cir. 2003). The district court dismissed the complaint for failure to state a claim. *Id.* The Sixth Circuit upheld the district court's decision. In its Opinion, the Court stated, "the only defendants mentioned by name in the body of Nwaebo's complaint, cannot be subject to § 1983 liability simply because they may have denied Nwaebo's administrative grievances or failed to act based upon information contained in his grievance." *Id.* at 86.

Here, Defendants were not involved in the grievance process. Kleymeyer was "made aware" of Luther's grievance after the completion of the grievance process. [DN 49-1 at 5]. In *Lee* and *Nwaebo,* the defendants were made aware of the plaintiff's claims through their participation in the grievance process and subsequently denied those grievances. Luther does not assert claims against Defendants on the basis of his grievance being denied. Luther argues KDOC's

6

policy prohibiting robes is a constitutional violation and the Director of Operations is responsible for that policy. Defendants have not directed the Court to any case law where liability could not be imposed on an individual not involved in the grievance process due to later being informed of information contained in a grievance. Therefore, Defendants have not met their burden and summary judgment on this claim must be denied.

### 2. Banners

Defendants also argue they cannot be held liable under § 1983 for Luther's banner claim under *Lee* and *Nwaebo*. Luther alleges Kleymeyer was "made aware of the situation through Chaplain, Christopher Agnoa". [DN 1-1 at PageID 13]. Luther further alleges Kleymeyer "failed to create religious guidelines which satisfy the Plaintiff's and Bobo Ashanti religious requirements." [*Id.* at 14]. Kleymeyer, again, was not involved with the grievance process. As stated above, the basis of Luther's Complaint is not the denial of his grievance. Defendants argue Luther's "claim is that Defendant Kleymeyer failed to act to rectify the denial of Plaintiff's religious banners after Plaintiff filed a grievance." [DN 49-1 at 7]. However, Luther is claiming Kleymeyer's failure to change the KDOC Religious Manual, after being made aware of his complaint, is a constitutional violation. Again, Defendants have not directed the Court to any case law where this reasoning was applied to a defendant not involved in the grievance process. Therefore, Defendants have not met their burden and summary judgment on this claim must be denied.

### C. RLUIPA

#### 1. Robes

"To state a RLUIPA claim, [Luther] must allege facts tending to show that he seeks to exercise religious beliefs and that the challenged practice substantially burdens that exercise of

7

religion." *Wallace v. Miller*, 2012 WL 2412094, at *1 (S.D. Ill. Mar. 5, 2012) (citing *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008); 42 U.S.C. § 2000cc-2(b)). The RLUIPA defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A). Although not specifically defined by the RLUIPA, the Sixth Circuit has characterized a "substantial burden" as one that places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hayes v. Tennessee*, 424 F. App'x 554, 555 (6th Cir. 2011); *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010); *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir.2007).

In his Complaint, Luther alleges he is commanded to wear a robe by King Emmanuel Charles Edwards. [DN 1-1 at PageID 15]. He further alleges not being permitted to wear a robe has placed a substantial burden on his religion and kept him "from fulfilling the Bobo laws and commandments." [*Id.* at PageID 17]. In their motion, Defendants make no argument regarding Luther's claim that his religious exercise was substantially burdened. Defendants solely argue "Defendant Kleymeyer took no action to deny Plaintiff use of the religious robes." [DN 49-1 at 8]. Again, Defendants do not address Luther's argument that Kleymeyer, as Director of Operations, was responsible for the KDOC Religious Manual and failed to update the policy to allow the purchase of religious robes. Although Defendants are correct that Kleymeyer did not directly stop Luther from purchasing a robe, they do not address Luther's argument that the Director of Operations is responsible for the allegedly unconstitutional policy.

Due to Defendants' failure to provide any argument on whether the policy is a substantial burden or if it has a compelling government interest, they have not met their burden. As such, summary judgment on this claim must be denied.

**2. Banners**

Defendants argue Luther's claim for injunctive relief under RLUIPA is moot because Luther has been allowed to use banners during services. Defendants provided an affidavit of Casey Heilman, the chaplain at Luther Luckett Correctional Complex. In her affidavit, she stated, "[t]he three religious banners requested by inmate Dion Luther for use in Rastafari religious services have been purchased for use in Rastafari religious services." [DN 49-6 at PageID 429]. Luther argues that he was recently transferred to EKCC and the banners are not available there.

"[C]essation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties." *Ammex, Inc. v. Cox,* 351 F.3d 697, 705 (6th Cir. 2003) (quoting *Mosley v. Hairston,* 920 F. 2d 409, 415 (6th Cir. 1990). Defendants remedied the alleged unconstitutional behavior prior to Luther being moved. Although Luther claims he is being prohibited from purchasing banners at EKCC, he needs to go through the proper internal procedures at EKCC pursuant to the PLRA prior to bringing suit on this issue. Therefore, Luther's claim must be dismissed.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [DN 49] is **GRANTED IN PART AND DENIED IN PART**.

1. Luther's RLUIPA claim for the religious banners is **DISMISSED**.
2. Luther's First Amendment and RLUIPA claims for denial of robes remain pending.
3. Luther's First Amendment claim for denial of religious banners remain before the Court.

9

A telephonic conference is set for **April 9, 2021 at 10:30 a.m. Central Time**. Parties must call **1-877-848-7030** then give the **Access Code 2523122 and #, then when prompted press # again** to join the call.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

March 23, 2021

cc: Dion L. Luther
 275398
 Eastern Kentucky Correctional Complex
 200 Road to Justice
 West Liberty, KY 41472
 PRO SE